IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AMPLIADO ORTIZ-ENRIQUEZ,

     Plaintiff,

        v.                           CIV. NO. 05-1461 (PG)

NATIONAL HEALTHCARE AFFILIATES,
ET AL.,

     Defendants.

### OPINION AND ORDER

On January 28, 2005, plaintiff Ampliado Ortiz-Enriquez ("Ortiz") filed a civil action before the Puerto Rico Court of First Instance, Arecibo Part, seeking declaratory judgment against National Healthcare Affiliates ("NHA"), Rhonda Keenan-Loeffler, the Conjugal Partnership Keenan-Loeffler/John Doe, Corporacion Las Vegas, Inc., ("CLV") The Loeffler Corporation, and Insurance Company A & B, and C (collectively "defendants").  Plaintiff asserted four causes of action: collection of monies, compliance with contract agreements, unjust enrichment, and damages. On April 29, 2005, defendants filed a Notice of Removal before this Court arguing that plaintiff's pleadings, although based on Puerto Rican law, implicated the federal Medicare Act, thus this court had original jurisdiction over the claims arising under federal law. Before the Court is plaintiff's Motion to Remand (Docket No. 8.) For the following reasons, the Court grants plaintiff's motion and remands the case to state court.

### FACTUAL BACKGROUND[1]

From May 14, 1991 to December 21, 1998, plaintiff Ortiz was the owner and president of CLV, a corporation dedicated to providing in-home health care programs. On December 21, 1998, Ortiz sold CLV to NHA by means of a purchase and sale agreement that included certain considerations. (Id.) Specifically, the agreement stated in Article 1.02 subsection (b) that as an additional consideration for the sale, Ortiz (the seller) could retain the balance, as

---

[1] The Court culls the relevant facts from plaintiff's Complaint, Docket No. 11, Exhibit A.)

of the Closing Date, of the amount of money in Ortiz's sub-account established pursuant to a Deed of Trust, less any amount owed to Medicare as a result of the termination of the Trust or withdrawals of funds from the Trust.  These funds in the Trust were paid to defendants by the Center for Medicare and Medicaid Services ("CMS") pursuant to CLV's costs reports and were set aside by the CMS for defendants to use in establishing a self-insured trust fund to provide medical malpractice insurance for the treatment of Medicare patients. Plaintiff claims that to date, defendants are in breach of the purchase and sale agreement inasmuch as they have not payed him the amount owed to him pursuant to the above cited section of the agreement.

## DISCUSSION

### I. Removal

Pursuant to 28 U.S.C. § 1441(a), "defendants may remove to the appropriate federal district court any civil action brought in a State court of which the district courts ... have original jurisdiction." City of Chicago v. International Coll. of Surgeons, 522 U.S. 156, 163 (1997) (internal quotations omitted). See Ponce Super Center, Inc. v. Glenwood Holdings, Inc., 359 F.Supp.2d 27, 29 (D.P.R. 2005). "Federal courts are courts of limited jurisdiction," Concilio Evangelico de Puerto Rico v. Negron, 178 F.Supp.2d 49, 51 (D.P.R. 2001), therefore, removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). If plaintiffs and defendants "clash about jurisdiction, uncertainties are construed in favor of remand." Ponce Super Center, Inc., 359 F.Supp.2d at 29 (D.P.R. 2005) (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). The general rule is that "plaintiff is the master of his claim." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

To remove a case under 28 U.S.C. § 1441, it must be "apparent from the face of the plaintiff's complaint either that a cause of action [arises] under federal law, or at least (in some cases) that a traditional state-law cause of action (e.g., a tort or contract claim) [presents] an important federal issue." Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 321 (1st Cir. 2001)(internal citations omitted). "Under this rule, the federal claim or

Civ. No. 05-1461(PG)                                                    Page 3

issue [must] appear on the face of a well [i.e., properly] pleaded complaint, so that federal jurisdiction is absent where the federal issue would arise only as a defense to a state cause of action." Aroostook Band of Micmacs v. Ryan, 404 F.3d 48, 56 (1st Cir. 2005)(quoting Penosboscot Nation, 254 F.3d at 321)(internal quotations marks and quotations omitted). See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 1983)("defendant may not remove a case to federal court unless the plaintiff's complaint established that the case 'arises under' federal law"); Taylor v. Anderson, 234 U.S. 74, 75-76 (1914) ("whether a case is one arising under [federal] ... law ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration"). In other words, "the federal controversy must be disclosed on the face of the complaint, unaided by the answer or petition for removal." Hernandez-Agosto, 748 F.2d 1, 2-3 (1 st Cir. 1984)(quoting Gully v. First Nat. Bank, 299 U.S. 109, 113 (1936)(internal quotation marks omitted); see Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004) ("[I]n deciding (for removal purposes) whether a case presents a federal 'claim or right,' a court is to ask whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer.") (quotation marks and citation omitted); Charles D. Bonanno Linen Service, Inc. v. McCarthy, 708 F.2d 1, 3 (1st Cir. 1983) (case law requires that the "elements of the federal claim appear on the face of the state court complaint, without reference to other documents"), cert. denied, 464 U.S. 936(1983). Accordingly, the Court reviews Ortiz' complaint to determine whether, within its four corners, a federal "claim or right" has been presented.

## II. Analysis

A plain reading of the complaint reveals that Ortiz's claims are based solely on state and not federal law. Defendants argue, however, that an important federal question is integral to plaintiff's claim: whether pursuant to the Medicaid Act plaintiff is entitled to the funds he seeks. (Docket No. 1 at 1.) In other words, defendants argue that this Court has jurisdiction

over plaintiff's claims because whether or not they are required to pay him pursuant to the sale and purchase agreement, will be decided by federal law.

It is well-settled that the existence of a federal defense is insufficient for removal jurisdiction. <u>Franchise Tax Bd.</u>, 463 U.S. at 10- 11 1983); <u>see</u> <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 475 (1998)("A defense is not part of a plaintiff's properly pleaded statement of his or her claim."). Therefore, defendants may not remove this case simply by raising a federal law defense to plaintiff's claim. Furthermore, the "existence of a federal law issue inherent within a state law cause of action will not necessarily create federal question jurisdiction." <u>Broadcasting Networks of Puerto Rico, Inc. v. Communication Counsel</u>, No. Civ. 05-1013(DRD), 2005 WL 1981297 at * 3 (D.P.R. Aug. 17, 2005). Indeed, the "fact that the state law claim will require some analysis of federal law is equally insufficient" for removal jurisdiction. <u>Id.</u> (citations omitted). Here, plaintiff does not bring a claim under the Medicaid Act or any other federal law but strictly under Puerto Rico contract law.  Thus, even assuming, as defendants aver, that some determination pursuant to federal law is needed, it does necessarily mean that the case must be removed to federal court. Having carefully reviewed the four corners of plaintiff's well-pleaded complaint, the Court finds that it was improperly removed and should be remanded.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court **GRANTS** plaintiff's Motion to Remand. **(Docket No. 8.)**  Accordingly, this case is hereby remanded to the state court for all further proceedings.


**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 18, 2005.


                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE